UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **CHRISTINE RANSOM**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. |
| v. ) | |
| ) | |
| **GILMORE LAW GROUP, LLC** ) | Division No. |
|   Serve: R/Agt. Elisha Gilmore ) | |
|           4700 N Old Barclay Rdg ) | |
|           Columbia, MO 65202 ) | |
| ) | |
| Defendant. ) | |

## CLASS ACTION COMPLAINT

COMES NOW Plaintiff Christine Ransom, by and through her undersigned counsel, and brings this cause of action under the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*) (the "FDCPA") against Defendant Gilmore Law Group, LLC, and in support thereof, states to the Court the following:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a natural person and citizen of Missouri.

2. Defendant Gilmore Law Group, LLC is a domestic limited liability company registered and in good standing with the Missouri Secretary of State.

3. Defendant's principal business purpose is the collection of consumer debts using the mails and other instrumentalities of interstate commerce.

4. Defendant regularly collects, or attempts to collect, debts owed or due or asserted to be owed or due another.

5.	This Court has original jurisdiction over Plaintiff's FDCPA claims under 15 U.S.C. § 1692k(d) because Defendant directed its illicit collection activity at Plaintiff in Warren County, Missouri, within the Eastern District of Missouri.

6.	Further, this Court has original jurisdiction over Plaintiff's FDCPA claims under 28 U.S.C. § 1331 because they arise under federal law.

7.	Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(2) because Defendant's collection conduct occurred in or was directed at Plaintiff in the Eastern District of Missouri.

8.	Plaintiff and Defendant never agreed to arbitrate any dispute between them.

## FACTS

9.	On July 15, 2019, Defendant filed a Petition in Warren County Circuit Court, case number 19BB-AC00455, on behalf of CO LO OF MO, LLC (hereinafter "Collection Petition), attempting to collect $1,374.93 from Plaintiff for "principal, interest, costs, and other charges due and owing to" CO LO OF MO, LLC relating to a certain Note entered in to between Plaintiff and CO LO OF MO, LLC.

10.	Said Note was attached to the Collection Petition as Exhibit A, and shows the total of payments owed by Plaintiff as $1,164.57.

11.	The amount Defendant listed within its Collection Petition was therefore grossly inflated, and Defendant's pleadings were internally inconsistent.

12.	Upon information and belief, the balance of $1,374.93 Defendant listed within the Petition included the original principal amount of the Note of $800.00, as well as pre-calculated interest in the form of the finance charge of $364.578, as well as additional pre-judgment interest on top of the finance charge.

13. Under Missouri law, a creditor is not permitted to assess interest on the prepayment obligation of a consumer installment loan until the date of a final judgment. *See Hollins v. Capital Sols. Investments I, Inc.*, 477 S.W.3d 19, 29 (Mo. Ct. App. 2015).

14. Upon information and belief, Defendant was assessing pre-judgment interest on the principal and finance charge of the loan, in violation of 15 U.S.C. § 1692e(2)(A) and § 1692f(1).

15. Moreover, the Note attached to the Collection Petition as Exhibit A shows an Annual Percentage Rate of 00.00.

16. Thus, the applicable interest rate per the Note was 0% such that Defendant was also calculating the amount of interest incorrectly.

17. Even using the 9% interest rate found in the prayer for relief in the Collection Petition does not explain or justify the $1,374.93 being sought by Defendant.

18. From December 18, 2018, the date of the Note, to July 15, 2019, the date the Collection Petition was filed, 210 days elapsed.

19. At most, therefore, calculating interest at nine percent per annum for 210 days on the $1,164.57 total of payments from the Note yields an accrued interest amount of only $60.30.

20. In fact, Plaintiff was not in default on December 18, 2018, and interest cannot accrue at all much less on the full $1,164.57 total of payments amount, such that in actuality the maximum amount of interest that could have accrued is much less than $60.30.

21. Upon information and belief, Defendant included courts in the $1,374.93 amount claimed in the Collection Petition.

22. Under Missouri law, no costs may be assessed in favor of a prevailing party under Missouri Supreme Court Rule 77.01 until the circuit clerk taxes a Bill of Costs after a judgment has been entered.

23. Section 514.260 R.S.Mo. "leaves no judicial act to be done by the trial court." Until the bill of costs has been taxed by the clerk, any input from the trial court or litigants is nothing more than "unsolicited gratuitous proposal[s]." *Montoya v. A-1 Mufflers, Inc.*, 331 S.W.3d 702, 704 (Mo. App. W.D. 2011); see also Schwartz, Aaron, "Taxing Costs (Theory and Practice," Journal of the Missouri Bar (Apr. 2012).

24. In an attempt to support the improper amount within the Collection Petition, Defendant attached an affidavit from her client as Exhibit B, which recited a balance of $1,162.93.

25. Within the Collection Petition, Defendant was therefore attempting to collect $212.00 more than CO LO OF MO, LLC claimed was due under oath within its own affidavit.

26. The $1,162.93 is the amount that Defendant sought within a collection letter dated July 16, 2019 that Defendant mailed to Plaintiff (hereinafter "Collection Letter").

27. The Collection Letter was Defendant's initial communication with Plaintiff.

28. Assuming Plaintiff received the letter on the very same date Defendant had printed on its face, her dispute and validation period under the FDCPA on the alleged debt continued until at least August 15, 2019.

29. In light of the date Plaintiff actually received the letter, however, her dispute and validation period under the FDCPA continued to at least August 18, 2019.

30. Within the Collection Letter, Defendant demanded Plaintiff to pay within ten (10) days.

31. Defendant included the 10-day payment deadline to coerce Plaintiff into paying the debt immediately instead of exercising her rights as protected by 15 U.S.C. § 1692g.

32. The imposition of a payment deadline before the expiration of her dispute period caused Plaintiff to believe that her dispute would be dishonored or otherwise cause adverse consequences.

33. In fact, Defendant not only filed the Collection Petition within Plaintiff's dispute period, but served it on Plaintiff on August 7, 2019, still within the 30-day dispute period following her receipt of the Collection Letter.

34. Defendant's demand that Plaintiff had to make a payment before the expiration of her dispute period within the Collection Letter, and its filing and service of the Collection Petition, therefore overshadowed Plaintiff's dispute, validation, and verification rights protected by the FDCPA (15 U.S.C. § 1692g).

35. Finally, Defendant failed to give Plaintiff credit for the payments she had already made to CO LO OF MO, LLC, specifically, $140.00 on March 16, 2019 and $140.00 on February 14, 2019.

36. Defendant's unlawful conduct as outlined herein caused Plaintiff to suffer statutory damages in the amount of $1,000.00, pursuant to 15 U.S.C. § 1692k.

37. Defendant's collection attempts also have caused Plaintiff to incur actual damages including but not limited to anxiety, frustration, and worry.

## **CLASS ALLEGATIONS**

38. It is Defendants' routine practice to violate the FDCPA by (1) sending initial collection letters that include a discrete payment deadline within a consumer's dispute period under 15 U.S.C. § 1692g(b); and (2) serving a consumer with a lawsuit before the expiration of his or her dispute period under 15 U.S.C. § 1692g(b).

39. This action is properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The class consists of the following persons: (1) all persons Defendant has on record as owing a consumer debt (2) where Defendant sent an initial collection letter to such person to collect a consumer debt (3) during the one-year period prior to the filing of Plaintiff's Complaint (4) which informed the consumer that he or she had ten days from the receipt of the letter to pay the debt and/or Defendant served the consumer with a lawsuit within 30 days of the receipt of the initial collection letter.

40. Members of the class are so numerous that joinder is impracticable. Based on Plaintiff's research of available court records, Defendant is a high-volume debt collection firm that has filed over one-hundred debt collection lawsuits within the state of Missouri, alone, within the past year.

41. Upon information and belief, Defendants have engaged in the improper collection tactics described above with at least one hundred consumers.

42. Plaintiff is a member of the class she seeks to represent.

43. There are no unique defenses Defendant can assert against Plaintiff individually, as distinguished from the class.

44. Plaintiff will assure the adequate representation of all members of the class and will have no conflict with class members in the maintenance of this action. Plaintiff's interests

in this action are typical of the class and are antagonistic to the interests of Defendant.  Plaintiff has no interest or relationship with Defendant that would prevent her from litigating this matter fully.  Plaintiff is aware that settlement of a class action is subject to court approval, and she will vigorously pursue the class claims throughout the course of this action.

45. A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the class members are virtually identical in that they raise the same questions of law and involve the same methods of collection by Defendant.

46. Most, if not all, of the facts needed to determine damages are obtainable from Defendant's records.

47. The purposes of the FDCPA will be best effectuated by a class action.

48. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

49. Furthermore, as damages suffered by most members of the class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the class individually to redress the wrongs done to them.

50. Many, if not all, class members are unaware that claims exist against Defendant. There will be no unusual difficulty in the management of this action as a class action.

51. Four common questions of law and fact predominate over all individual questions relating to the class.  The common questions are whether: (1) Defendant is a "debt collector" pursuant to the FDCPA; (2) the liabilities that Defendant have sought to collect from class members constitute "consumer debt" under the FDCPA; (3) Defendant sent an initial collection letter to the class members; and (4) Defendant either demanded payment within ten days of receipt of the letter or served a lawsuit within thirty days of receipt of the letter.

52. Because many class members are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

53. Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action. Plaintiff's counsel will fairly and adequately represent and protect the interests of the class.

54. All class members have been damaged in precisely the same fashion, by precisely the same conduct. The loss suffered by individual class members is calculable and ascertainable.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

55. Plaintiff re-alleges each and every preceding paragraph, and incorporates them by this reference as if fully set forth herein.

56. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

57. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

58. The alleged debt arose out of consumer, family, and/or household transactions, namely, a Fingerhut credit account.

59. Defendant has attempted to collect the debt from Plaintiff within the previous twelve months.

60. In its attempts to collect the debt from Plaintiff and the Class Members defined herein, Defendant has violated the FDCPA, including, but not limited to, by:

   a. Falsely representing the character, amount, and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A);

   b. Threatening to take action that cannot legally be taken, in violation of 15 U.S.C. § 1692e(5);

  c. Overshadowing a consumer's right to dispute and request verification of the debt, in violation of 15 U.S.C. § 1692g(b);

  d. Using unfair collection practices, including the collection of an amount that is not permitted by law, in violation of 15 U.S.C. § 1692f(1).

WHEREFORE, Plaintiff prays this Honorable Court certify the proposed class, that the Court appoint Plaintiff as class representative and the undersigned as class counsel, and that the Court enter judgment in her favor and against Defendant, specifically awarding the following:

  A. A finding and conclusion that Defendant has violated the FDCPA as recited herein;

  B. Statutory damages;

  C. Actual damages;

  D. Costs, interest, and attorneys' fees as provided by law; and

  E. Such other and further relief as this Court deems just and proper in the premises.

Respectfully submitted,

**BRODY & CORNWELL**

/s/ *Bryan E. Brody*
Bryan E. Brody, Mo. Bar No. 57580
Alexander J. Cornwell, Mo. Bar No. 64793
7730 Carondelet, Ste. 135
Saint Louis, MO  63105
314.932.1068 / fax: 314.228.0338
BBrody@BrodyandCornwell.com
ACornwell@BrodyandCornwell.com
*Attorneys for Plaintiff*